[ PHILADELPHIA, FEBRUARY 24TH, 1840. ]

## BLEAKLEY'S ESTATE.

APPEAL.

A. made his will in Ireland in 1808, by which he devised all the residue of his estate after payment of debts, to B., C. and D., in trust, to pay the income, &c. to his son E. for his life, and so long as he should remain unmarried; and provided he married with the consent of the executors, then to continue to pay him the income, &c. until the birth of his first child, and then that he should be put in possession of the land, &c., he previously settling the same on the issue of the marriage; but in case he should die unmarried, &c., then to a nephew, &c. The testator appointed B., C. and D. executors, and died in America in 1809, and his will was proved in Ireland in 1815. His son E. died in New York, in 1823, having made a will, by which he bequeathed the residue to F. and G., and leaving a son H. to whom he gave a small legacy. In 1825, letters of administration *cum testamento annexo* of A. were granted to I.; and on his death, letters were granted to H. the grandson of the testator. H. afterwards died intestate; and application for the vacant administration was made in 1838 by J., on the ground of a power of attorney from the surviving executor of A., which was dated in 1827, in Ireland, and sent out with a blank for the name of the attorney, and also with a power or appointment by the widow of H. Application was also made by a person residing in Ireland, who claimed as a purchaser of the interest of F. under the will of H. *Held,* that the power of attorney produced by J. was too stale at the expiration of ten years, to sustain the nomination, and that there was nothing to warrant the grant of administration to any other person.

THIS was an appeal from a decree of the Register's Court for the County of Philadelphia, made under the following circumstances.

(Bleakley's Estate.)

On the 19th of September, 1808, David Bleakley of Ireland, made and published his last will there, as follows:

"In the name of God, amen. I, David Bleakley, of Annsvale, parish of Keady and county of Armagh, being of sound mind and memory, and sensible of the shortness and uncertainty of human life, do hereby leave, bequeath and dispose of all my worldly goods and properties in manner following:

First. I will and appoint that my just debts and funeral expenses be duly paid out of the goods and chattels of which I may die possessed, by my executors hereinafter to be mentioned.

Secondly. I leave, bequeath and entrust all the residue and remainder of my properties, whether in lands, moneys, debts due to me, or any other kind whatever, to my brother-in-law, the Rev. Alexander Patterson, of Magheralty, John Steel of Hanslaw, esquire, and West Darby of the city of Dublin, merchant, in trust for the following purposes and no other, that is to say—

That all the lands, moneys and other properties of which I may die possessed, and which may remain after payment of my just debts and funeral expenses as aforesaid, shall be preserved unsold and free from mortgage or other incumbrance, during the natural life of my son William Bleakley; and that all issues, profits and interest arising out of the same, shall be regularly and duly paid half yearly to my said son, by my executors to be hereinafter mentioned, during his life or so long as he may remain unmarried.

And it is my will and intention, that provided he shall marry with the consent and approbation of my executors, the aforesaid interests, profits and issues shall continue to be paid to him as aforesaid, until the birth of his first child, lawfully begotten.

And that then he shall be put into full possession of all the said lands, and one half of the other properties by me bequeathed; he previously settling by legal deed such lands in reversion, and the remaining half of the other properties aforesaid, on the issue of said marriage.

But in case he shall die unmarried or without legal issue, it is my will, that David Bleakley, son to my brother John Bleakley of the city of Dublin, shall inherit and enjoy the lands of which I may die possessed or to which I may be legally entitled at the time of my death, on his paying or causing to be paid seven-tenths of the fair and equitable value of the same, to Catherine and Eliza Bleakley his sisters, to Ann and Mary Bleakley. daughters of my brother William B. Bleakley of Armagh, to Ann Jane Cumming daughter of my sister Margaret, to Anne Boyle daughter of my sister Anne and David Patterson son of the Rev. Alexander Patterson by my sister *Sara,* in seven equal shares, that is to say, share and share alike.

And it is my will and intention, that all my other properties and

(Bleakley's Estate.)

goods shall be converted into money, by public sale, by my executors, and the amount by them disposed of in the manner above mentioned, that is to say, to my nephew David Bleakley, aforesaid, three-tenths of the same, and to my nieces and nephew before mentioned one tenth each.

And I do hereby nominate my trustees Alexander Patterson, John Steel and West Darby before mentioned, the sole and only executors of this my last will and testament, for the purpose of discharging the duties and trust therein mentioned, according to the fair and plain meaning thereof."

This will was duly proved in the common form of law on the 22d of September, 1815, in the Prerogative Court of Ireland, and letters testamentary were granted. It was in evidence before the register, that David Bleakley, the testator, died at Baltimore, on the 29th of February, 1809, leaving only one child William Bleakley, who was afterwards married in Ireland, clandestinely and without the knowledge, consent or approbation of any of the executors named in his father's will. This William Bleakley died at New York, on the 20th of March, 1823, leaving one child only, David N. Bleakley; and having previously made a will as was alleged; and as was also alleged, without having made any settlement on his child according to the will of his father.

On the 17th of October, 1825, letters of administration with the will annexed, &c. were granted by the register of Philadelphia, to one John Lisle, as administrator of David Bleakley's estate: on his death, letters of administration in the same form and to the said estate were afterwards granted by the register on the 8th of December, 1832, to the said David N. Bleakley, a citizen of Virginia, and the grandson and only heir of the said David Bleakley.

On the death of David N. Bleakley intestate, leaving a widow but no children, two applications were made in January, 1838, to the register, for letters of administration *de bonis non, cum testamento annexo, durante absentia*, &c. to the same estate. The first was made by Isaac Norris, Esq., as nominee of Alexander Patterson, (the only surviving executor and trustee of David Bleakley, the above mentioned testator;) and also as the appointee of the widow of David N. Bleakley, the grandson of the said David Bleakley. The power of attorney from Alexander Patterson, was dated in the year 1827, and was as follows:

"Know all men by these presents, that I, the Rev. Alexander Patterson, Presbyterian minister, of Magheralty in the barony of Lower Iveagh in the county of Down, in that part of the kingdom of England and Ireland called Ireland, surviving executor and trustee of David Bleakley, late of Annsvale in the county of Armagh, deceased, have for good and sufficient causes me thereunto moving,

(Bleakley's Estate.)

made, ordained, constituted and appointed, and by these presents do make, ordain, constitute and appoint, and in my name and stead, put and depute,              my true and lawful attorney, for me and in my name, and for my use, to be and appear before the register of wills for the city and county of Philadelphia, or other tribunal for taking administrations, &c.; and then and there revoke and cause to be revoked, all and every letter of administration heretofore surreptitiously granted, of the estate and effects of the said David Bleakley aforesaid; and to cancel and annul the same; and to take, receive and accept of letters of administration of the goods, chattels and estate of the said David Bleakley, from me only and in my behalf and for my use and benefit; and to do and perform all and whatsoever to my said attorney shall and may seem needful or necessary in my behalf, for the purpose aforesaid, as fully to all intents and purposes as I myself might or could do if I was personally present; hereby ratifying and confirming whatsoever my said attorney shall lawfully do or cause to be done in the premises by virtue of these presents. In witness whereof," &c.

This power of attorney was sent over originally with a blank for the name of the attorney, which at the time of the application to the register, was filled with the name of Isaac Norris, Esq., in pursuance, as was alleged, of authority contained in a letter from the constituent.

The other application for letters of administration, was made by one William Clendenning, a subject of the king of Great Britain, and residing in the kingdom of Ireland. He claimed a right to administer as an alleged purchaser of an interest under the will of one Edward Moore, deceased, who claimed to be one of the legatees under the will of William Bleakley, the material part of which was as follows:

" I give and bequeath all my real estate wheresoever situate, and all my right, title interest, claim and demand, of, in and to certain lands, lots and real estate in the City of Philadelphia, and in the Island of Bleakley in the river Schuylkill in the state of Pennsylvania, unto Edward Moore, of the city and state of New York, grocer, upon trust nevertheless, to grant, bargain, sell and convey the same with all reasonable diligence, for money, and after paying my funeral expenses and my debts, to pay the following legacies. (Here follow sundry legacies.) Item. All the rest and residue of my estate whatsoever and wheresoever, of what nature, kind and quality soever the same may be, and not herein before given and disposed of, I do give and.bequeath unto the said Edward Moore and Rachel Hazleton, their executors, administrators and assigns share and share alike, to and for their own use and benefit absolutely. Item. I constitute and appoint the said Edward Moore of the city and state of

(Bleakley's Estate.)

New York, grocer, to be the sole executor of this my will. I revoke all former wills by me heretofore made and declare this to be my last will and testament. In witness whereof, I have hereto set my hand and seal this 16th day of March, 1823."

By a codicil to this will, William Bleakley left the sum of ten pounds sterling to his son David N. Bleakley.

Edward Moore obtained letters testamentary of this will from the surrogate of New York, and afterwards died, leaving by his will all his property to his wife Margaret, who afterwards died, leaving all her estate to one Ashley, who conveyed all his interest to Clendenning.

Evidence was laid before the register to prove, that William Bleakley was incompetent, by reason of illness and imbecility of mind, to execute a will at the time the instrument bore date.

After a full hearing, the register decreed the letters of administration in question, to Isaac Norris, Esq., the nominee of the executor and trustee in Ireland, and the appointee of the widow of David N. Bleakley.

From this decree of the register, William Clendenning appealed to the Register's Court, who, after hearing, affirmed the decree of the register, as respects the application made by Clendenning, and reversed the decree of the register granting the letters to Mr. Norris.

From this decree of the Register's Court, Mr. Norris appealed to the Supreme Court, and filed the following assignment of errors:

" 1. Because the present appellant is entitled to the letters of administration *de bonis*, &c. and the Register's Court have erred in denying his right.

2. Because the Register's Court erred in reversing the decree of the register.

3. Because William Bleakley the son, was entitled only to a life interest in the estate, and had no power to devise the same over."

Mr. *Norris* and Mr. *Scott,* for the appellants, referred to the act of the 15th of March, 1832, sect. 12; and cited *Willing* v. *Perot,* (5 *Rawle,* 264.) *Ellmaker's Estate,* (4 *Watts,* 34.) *Toller on Exec.* 108. *Robertson on Succession,* 286, &c. Case of *Sidey Hamet, &c.* (1 *Addams,* 340; 2 *Eng. Eccl. Rep.* 126.) Case of the *Elector of Hesse,* (1 *Haggard,* 93; 3 *Eng. Eccl. Rep.* 42.) *Goddard* v. *Cressonier,* (3 *Phillimore,* 637; 1 *Eng. Eccl. Rep.* 491.) *Atkinson* v. *Barnard,* (2 *Phillimore,* 316; 1 *Eng. Eccl. Rep.* 271.) *Exparte Kirwin,* (8 *Cowen,* 118.) *Stahle* v. *Barger,* (10 *Serg. & Rawle,* 170.) *Sigfried* v. *Levan,* (8 *Serg. & Rawle,* 308.) *Beary* v. *Haines,* (4 *Wharton,* 20.) 2 *Vernon,* 394.

(Bleakley's Estate.)

Mr. *Chew,* contra, cited *M'Ilvaine* v. *Gethen,* (3 *Wharton,* 584.)

PER CURIAM.—To say nothing of the near connexion which exists betwixt the person who claims as having been nominated by the executor in Ireland, and the executor of another estate here, from which the assets are expected to be derived, we think the power of attorney too stale, at the end of more than ten years, to sustain the nomination; and the applicant consequently has no right to fill the blank with his own name. A warrant of attorney to confess judgment, may not be executed of course after so great a lapse; and there is equal reason why we should not suffer the applicant to act on his blank letter of attorney, when, according to the legal presumption from lapse of time, the power is to be considered as revoked by his constituent's death. Even were he proved to be alive, it would be impossible to say that a change of circumstances has not supervened, which would induce him to withdraw his nomination. We therefore have nothing before us, which would warrant any grant of administration at all.

Decree of the Register's Court affirmed.